UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-21532-CV-KING/TORRES

MSP RECOVERY, LLC,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.

_____/

## ORDER ON PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES

This matter is before the Court on a Motion to Strike Affirmative Defenses filed by Plaintiff MSP RECOVERY, LLC ("Plaintiff") on May 30, 2017. [D.E. 62]. Defendant ALLSTATE INSURANCE COMPANY ("Defendant" or "Allstate") filed its Response to the Motion on June 12, 2017 [D.E. 63], and the Reply followed on June 19. [D.E. 64].[1] After a review of the Motion, Response, Reply, and the relevant authorities, Plaintiff's Motion is hereby **GRANTED in part** and **DENIED in part**.

### *I. FACTUAL BACKGROUND AND LEGAL STANDARD*

This case involves a dispute between two insurers as to which is responsible for payment of a patient's medical bills. The incident giving rise to the claim occurred on June 19, 2014, when a Medicare enrollee suffered injuries in a car accident. Florida

---

[1] The Honorable Judge James Lawrence King referred the matter to the undersigned on June 23, 2017. [D.E. 65].

Healthcare Plus ("FHCP") paid medical expenses associated with the enrollee's injuries in the amount of $1,284.10. At the time the incident took place, Defendant allegedly provided "no-fault" vehicular insurance coverage to the enrollee, and Plaintiff asserts it should be reimbursed for the expenses paid as a result of several assignments of FHCP's rights. [D.E. 30, ¶ 25-26]. In this Motion, Plaintiff moves to strike certain defenses raised by Defendant in its Answer to the Second Amended Complaint. [D.E. 62].

Rule 12(f) permits a court to strike an insufficient defense. *See* FED. R. CIV. P. 12(f). Striking an affirmative defense is a drastic remedy that is disfavored and should only be granted if it is clear that the defense must fail. *Electronic Comm. Tech., LLC v. Clever Athletics Co., LLC*, 221 F. Supp. 3d 1366, 1367 (S.D. Fla. 2016) (citing *Augustus v. Bd. of Pub. Instruction of Escambia County*, 306 F.2d 862, 868 (5th Cir. 1962)). Furthermore, "both because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory or harassing tactic…motions under Rule 12(f) are viewed with disfavor and infrequently granted." 5C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*: Civil § 1380 (3d ed. 2008). "[I]t must be shown that the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *Id*.

Affirmative defenses are subject to the same pleading scrutiny imposed by Rule 8's plausibility standard. *See Bell At. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2009);

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *see also Losada v. Norwegian (Bahamas) Ltd.*, 296 F.R.D. 688, 691 (S.D. Fla. 2013) ("After reviewing the case law on the issue and the purpose of an affirmative defense, this Court finds that affirmative defenses should be subject to the same general pleading standards of complaints."). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," which should be sufficient to give the opposing party fair notice of the claim and its grounds. *See Twombly*, 550 U.S. at 555-56. The pleading must articulate enough facts to raise a plausible right to relief on the assumption that all of the non-conclusory, factual allegations in the complaint are true. *Id.* at 555. Formulaic recitations filled with labels and conclusions without factual allegations are insufficient. *Id.*

We now turn to each affirmative defense Plaintiff challenges in its Motion.

## II. ANALYSIS

### A. *Defendant's First Affirmative Defense*

Allstate's first affirmative defense states that Plaintiff must have a valid assignment from FHCP in order to recover damages and that absent such an assignment, "Plaintiff lacks standing to sue." Although this affirmative defense fails to raise facts that would suffice under Rule 8's pleading standards, we are hesitant to strike it because it raises a question as to whether this Court maintains subject matter over the dispute. A court maintains broad discretion when determining whether to strike defenses under Rule 12(f), and it may decline to do so when there is a substantial or disputed question of law. *See Wausau Bus. Ins. Co. v. Horizon*

*Admin. Servs., LLC*, 803 F. Supp. 2d 209, 213 (E.D.N.Y. 2011) ("To strike an affirmative defense as insufficient…the court must first find that there are no substantial questions of law or fact that might allow the defense to succeed[.]"). Because striking an affirmative defense is generally disfavored, and in light of the broad discretion we have in determining whether striking a portion of the pleading is justified, Plaintiff's Motion as to Defendant's first affirmative defense is **DENIED.** Defendant should be allowed to plead the issue for the record.

### B. *Defendant's Third Affirmative Defense*

The third affirmative defense states that Plaintiff's claims are barred "to the extent it failed to comply with § 627.736(10), Fla. Stat., which requires as a condition precedent to filing any action for personal injury protection benefits written notice of intent to initiate litigation." Rule 9 of the Federal Rules of Civil Procedure require that "when denying that a condition precedent has occurred or been performed, a party must do so with particularity." FED. R. CIV. P. 9(c). The affirmative defense contains factual assertions that Plaintiff's pre-suit correspondence (1) failed to attach any assignment of benefits and (2) failed to provide "itemization of the charges, treatment, service or accommodation and the type of benefit claimed to be due." This comports with Rule 12's pleading requirements, *Twombly*, 550 U.S. at 555, and Plaintiff's request as to the third affirmative defense is therefore **DENIED**. *Cf. Falzarano v. Retail Brand Alliance, Inc.*, 2008 WL 899257, *2 (S.D. Fla. Mar. 31, 2008) (striking affirmative defense based on failure to comply with pre-suit requirements due to conclusory nature and because answering party failed to include

4

facts that indicated whether such failure actually took place).

### C. *Defendant's Fourth Affirmative Defense*

Plaintiff's Motion is **GRANTED** as to Allstate's fourth affirmative defense. Defendant contends that "[s]ome or all of Plaintiff's claims *may* be barred based on its failure to mitigate damages…to the extent Plaintiff (or FHCP) automatically paid bills regardless [of] whether a primary payer existed." [D.E. 60, p. 9]. Defendant proceeds to discuss a complaint in a similar lawsuit filed by Plaintiff's counsel and how that pleading impacts the allegations contained in Plaintiff's Second Amended Complaint in this case. *Id*. Defendant, however, fails to support its assertions with any facts that indicate that Plaintiff did, indeed, fail to mitigate damages and offers nothing beyond conclusory statements that this *may* have occurred. Such assertions, without more, do not satisfy the requirements of Rule 9 and Rule 12, and the defense should therefore be stricken.

### D. *Defendant's Fifth Affirmative Defense*

With regard to the fifth affirmative defense, Defendant once again fails to plead with particularity how, exactly, Plaintiff failed to "fulfill its obligations to coordinate benefits." [D.E. 60, p. 9]. Instead, Allstate relies on the conclusory statement that Plaintiff's claim *may* be barred as a result of its failure to perform a condition precedent, but does not put forward any facts as to whether this actually occurred. As such, the affirmative defense should be struck.

### E. *Defendant's Sixth Affirmative Defense*

The sixth affirmative defense states that Plaintiff cannot recover attorney's

5

fees in connection with its claim. As opposed to a true affirmative defense, the sixth affirmative defense constitutes a denial and shall be treated as such. *See Tsarvis v. Pfizer, Inc.*, 310 F.R.D. 678, 682 (S.D. Fla. 2015) ("When a defendant mislabels a specific denial as a defense, the proper remedy is to treat the claim as a denial, not to strike it."). Because the proper remedy is to construe this defense as a denial, Defendant's request to strike them is hereby **DENIED**. *See id.*

### F. *Defendant's Seventh Affirmative Defense*

We will, however, strike Defendant's seventh affirmative defense, which contends that "[s]ome or all of Plaintiff's claims may be barred by the doctrine of estoppel." [D.E. 60, p. 9]. Defendant then proceeds to discuss a "complaint in a similar lawsuit [filed] by Plaintiff's counsel" that discusses contractual provisions between FHCP and other medical providers indication that "FHCP paid bills automatically regardless [of] whether a primary payer existed, and did not coordinate benefits with primary payers." *Id.*, p. 8-10. Defendant, however, does not support its contention with facts that would indicate this same course of events occurred in connection with *this* lawsuit. As such, the request to strike the affirmative defense is **GRANTED**.

### G. *Defendant's Eighth Affirmative Defense*

For the same reasons discussed in striking Defendant's seventh affirmative defense, the request to strike the eighth affirmative defense is also **GRANTED**. Defendant contends that Plaintiff's claims may be barred by waiver; it does nothing to support this contention with facts or particular circumstances that would support a finding of waiver here. Therefore, it is stricken.

### H. *Defendant's Twelfth Affirmative Defense*

Plaintiff's request to strike the twelfth affirmative defense is **DENIED**. Defendant has supported its affirmative defense with sufficient facts to support its assertion that Plaintiff's claims would be barred because it paid the full amount of benefits available under the driver's personal injury protection policy. An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence. *Wright v. Southland Corp.*, 187 F.3d 1287 (11th Cir. 1999). Because Defendant provides enough factual support to demonstrate that it would be entitled to such a judgment if the assertions made in this particular affirmative defense are true, we find that it would be improper to strike it.

### I. *Defendant's Ninth, Thirteenth and Fourteenth Affirmative Defenses*

Plaintiff's Motion is **GRANTED** as to Defendant's ninth, thirteenth and fifteenth affirmative defenses. These affirmative defenses state that Plaintiff's claim *may* be barred on the basis that it failed to meet the requirements set forth by certain "Medicare laws," and that any recovery made by Plaintiff *may* be subject to a set-off. Again, as repeated many times in this Order, Defendant provides nothing beyond conclusory assertions in support of these affirmative defenses that merely raises the possibility that each defense *might* attach to the factual allegations contained in Plaintiff's operative pleading. We cannot sustain the use of such factually-bare assertions, and these affirmative defenses are therefore stricken.

### J. *Defendant's Fifteenth Affirmative Defense*

The fifteenth affirmative defense states that "[Defendant] reserves the right to add and assert additional defenses." [D.E. 60, p. 11]. This is essentially a "reservation of rights clause," which numerous courts in this district have found to be impermissible because it is not a true affirmative defense and fails to meet the pleading standard under Rule 8(a). FED. R. CIV. P. 8(a); *see, e.g., Commodore Plaza Condo. Ass'n, Inc. v. QBE Ins. Corp.*, 2012 WL 12870289, at *1 (S.D. Fla. Oct. 5, 2012) (striking an affirmative defense "[b]ecause a reservation of rights is not a valid defense and [Defendant's] . . . affirmative defense does not meet the pleading standards of Federal Rule of Civil Procedure 8(a) and *Twombly*[.]"); *Gonzalez v. Spears Holdings, Inc.*, 2009 WL 2391233, at *4 (S.D. Fla. July 31, 2009) ("This reservation of rights clause does not constitute an affirmative defense because it does not respond to the initial complaint or raise facts which negate Plaintiff's claims.") (citations omitted); *Jones v. Carmanah Techs. Corp.*, 2014 WL 12461353, at *3 (S.D. Fla. Jan. 5, 2014) (striking a reservation of rights clause because it neither responded towards the initial complaint nor raised facts which negated the plaintiff's claims). In keeping with the other courts in this district, we find that Defendant's fifteenth affirmative defense is merely a reservation of rights that does not meet the pleading standards set forth in *Twombly*. Therefore, the affirmative defense is hereby stricken.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike Affirmative Defenses [D.E. 62] is **GRANTED in part** and

**DENIED in part**. Plaintiff's Motion is **DENIED** as to Defendant's first, third, sixth and twelfth affirmative defenses. Plaintiff's Motion is **GRANTED** as to Defendant's fourth, fifth, seventh, eighth, ninth, thirteenth, fourteenth and fifteenth affirmative defenses. Those defense are hereby stricken, with leave to amend. If Defendant seeks to cure the deficiencies outlined herein, an amended answer with the requisite factual particularity shall be filed within ten (10) days from the date of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 17th day of August, 2017.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge